IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR-08-02-E-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| CORY LEDEAL KING, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM DECISION**

The Court has before it a motion to vacate or continue the trial date and to stay the proceedings. For the reasons expressed below, the Court will deny the motion.

The defendant first seeks a continuance to pursue a writ of mandamus with the Ninth Circuit challenging this Court's ruling that it has subject matter jurisdiction over the case. Given the extraordinary nature of the mandamus remedy, *see United States v. MacDonald*, 435 U.S. 850 (1978), and the strict requirements to pursue a pre-trial appeal of a subject matter jurisdiction issue, *see United States v. Bird*, 359 F.3d 1185 (9th Cir. 2004), the Court finds it unlikely that the writ petition will be granted, and hence cannot base a continuance on the

**Memorandum Decision and Order – Page 1**

assumption that it would be granted.

The defendant also seeks more time on the ground that he was surprised by the Court's decision that he has the burden of proving that his injection will not endanger sources of drinking water. Yet the injection's threat to drinking water was a central issue from the filing of the indictment back in January of 2008, regardless of which party had the burden of proving the threat or lack thereof. By the time of trial, on November 3, 2008, the defendant will have had – by virtue of two continuances granted pursuant to his motions – over nine months to pursue his lack-of-threat defense. That is sufficient, and no additional time is necessary.

Defendant argues that the Court's analysis placing the burden on the defendant was done "*sua sponte*" and was not briefed by the parties. Yet the Government argued in its briefing that Congress clearly placed the burden on the defendant to prove that his "proposed injection will not endanger sources of drinking water." *See Government Brief* at p. 7 (Docket No. 42). The Court therefore rejects defendants' assertion of surprise.

One factor the Court must consider is the public interest in the prompt disposition of criminal proceedings. *U.S. v. Martinez-Martinez*, 369 F.3d 1076, 1085 (9th Cir. 2004). That public interest is not served by granting a third continuance in this case.

**Memorandum Decision and Order – Page 2**

For all these reasons, the Court find that the motion should be denied.

## ORDER

For the reasons expressed in the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Vacate or Continue Trial and Stay Proceedings (Docket No. 59) is DENIED.

DATED:  **October 7, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 3**