IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR-08-002-E-BLW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CORY LEDEAL KING, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court has before it Cory Ledeal King's motion for grand jury materials based on trial evidence and for post-trial use (Docket No. 155).  King believes that withheld grand jury materials may contain exculpatory material subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963).  The government's response (Docket No. 159) indicates that the only grand jury materials not already provided to King are transcripts of grand jury testimony of EPA-CID Special Agent Bryan Byrd, who did not testify at trial.  The government notes that King requested transcripts of Byrd's grand jury testimony at trial, but relied only on the Jencks Act, 18 U.S.C. § 3500, at that time.  *See* Trial Tr. at pp. 29-30.

"Under *Brady*, the prosecution has a constitutional obligation to disclose exculpatory evidence to a criminal defendant if it is 'material' either to guilt or to punishment."  *Paradis v. Arave*, 240 F.3d 1169, 1176 (9th Cir. 2001).  The government's obligation extends to impeachment evidence and, in certain circumstances, materials which are not themselves admissible as evidence.  *See id.* at 1179 (explaining that evidence "can be 'used to impeach' a witness even if the evidence is not itself admissible, even to impeach").

The Court has reviewed the parties' arguments and has determined that an *in camera* review of the withheld grand jury testimony is necessary.  *See United States v. Alvarez*, 358 F.3d 1194, 1207-08 (9th Cir. 2004) (vacating conviction because district court failed to conduct an *in camera* review of the probation files of significant witnesses pursuant to a timely defense request for *Brady* materials); *United States v. Henke*, 222 F.3d 633, 642-43 (9th Cir. 2000) (holding district court did not err in failing to conduct *in camera* review because defendants made no showing that they might discover something exculpatory or impeaching).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Cory Ledeal King's motion for grand jury materials (Docket No. 155) is GRANTED IN PART.  The Court will conduct an *in camera* review of the grand jury materials not already disclosed to King by the government.

IT IS FURTHER ORDERED, that the government shall provide the Court

with the withheld grand jury materials within fourteen days of this Order.

DATED:  **June 29, 2009**



Honorable B. Lynn Winmill
Chief U. S. District Judge