IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CORY LEDEAL KING, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CR-08-002-E-BLW <br><br><br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

## Introduction

The Court has before it Cory Ledeal King's motion for grand jury materials (Docket No. 155), and King's motion to produce *Brady*[1] evidence (Docket No. 156). The Court issued orders (Docket Nos. 161 and 167) granting King's motions, in part, by ruling that an *in camera* review of the withheld items pertinent to these motions was necessary. Additionally, the Court granted King leave to file a list of items for which the Court should search during the *in camera* examination. The Court has reviewed the parties' briefing and King's list, and conducted the *in camera* review. For the reasons set forth below, the Court will deny King's motions.

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963).

## Background

**A.     Motion to Produce *Brady* Evidence**

In King's motion to produce *Brady* evidence, King seeks information on how and why the Environmental Protection Agency (EPA) became involved in the case. King asserts he may have been able to use such material to impeach EPA investigator Kelly O'Neill's trial testimony that Idaho State Department of Agriculture (ISDA) investigator John Klimes initiated contact with O'Neill, or to impeach O'Neill's testimony that King's false statement influenced the EPA's investigation. The government has provided to the Court, for *in camera* review, rough notes and several documents produced by EPA investigators.

**B.     Motion for Grand Jury Materials**

King seeks production also of grand jury materials not already provided to him. King requested transcripts of grand jury testimony at trial, but relied only on the Jencks Act, 18 U.S.C. § 3500. *See* Trial Tr. at pp. 29-30. King now asserts that the withheld grand jury materials likely contain *Brady* evidence. The government responds that the only grand jury materials not already provided to King are transcripts of grand jury testimony of EPA-CID Special Agent Bryan Byrd. Byrd did not testify at trial, and the government represents that it does not anticipate him being a witness at sentencing. The government has provided the

**Memorandum Decision and Order – page 2**

transcripts of Byrd's testimony before the grand jury, for the Court's *in camera* review.

## Analysis

**A.     Legal Standards**

    **1.     Disclosure of exculpatory evidence**

Both of King's motions rely on *Brady*. "Under *Brady*, the prosecution has a constitutional obligation to disclose exculpatory evidence to a criminal defendant if it is 'material' either to guilt or to punishment." *Paradis v. Arave*, 240 F.3d 1169, 1176 (9th Cir. 2001). The obligation extends to evidence not requested by the defense. *Id.* Disclosure of *Brady* evidence must occur "when it is still of substantial value to the accused," although not necessarily prior to trial. *United States v. Woodley*, 9 F.3d 774, 777 (9th Cir. 1993); *see also United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979).

To trigger the duty to disclose, the evidence must be material. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-10 (1976). "Evidence is material if 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been

**Memorandum Decision and Order – page 3**

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Paradis*, 240 F.3d at 1176 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). The determination of materiality "is based on the 'suppressed evidence considered collectively, not item by item.'" *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995)).

Some circuits have held that if evidence is itself inadmissible, then it cannot be material under *Brady*, while others have held that inadmissible evidence can be material under *Brady*, if it could have led to the discovery of admissible evidence. *See Paradis*, 240 F.3d at 1178 (discussing conflicting authority and the reach of *Wood v. Bartholomew*, 516 U.S. 1 (1995)). Under current Circuit precedent, however, the government must disclose material evidence that can be used to impeach government witnesses, and evidence "can be 'used to impeach' a witness even if the evidence is not itself admissible, even to impeach." *Id.* at 1179; *see also United States v. Price*, 566 F.3d 900, 912 (9th Cir. 2009).

2.   **Secrecy and privilege considerations**

The government is entitled to withhold items in its investigative files absent a legal principle requiring disclosure. The Supreme Court "has never held – even in the absence of a statute restricting disclosure – that a defendant alone may make the determination as to the materiality of the information." *Pennsylvania v.*

**Memorandum Decision and Order – page 4**

*Ritchie*, 480 U.S. 39, 59 (1987). "Defense counsel has no constitutional right to conduct his own search of the [prosecutor's] files to argue relevance[,]" *id.*, but the Court may conduct *in camera* review under appropriate circumstances. *See United States v. Alvarez*, 358 F.3d 1194, 1207-08 (9th Cir. 2004); *United States v. Henke*, 222 F.3d 633, 642-43 (9th Cir. 2000); *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988); 6 WAYNE R. LAFAVE, ET AL., CRIMINAL PROCEDURE § 2403(b), at pp. 367-68 (3d ed. 2007).

Additionally, grand jury proceedings are secret. *See Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). Parties seeking grand jury transcripts "must show that the material they seek is needed to avoid a possible injustice . . . , that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* But "after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." *Dennis v. United States*, 384 U.S. 855, 870 (1966) (internal quotation omitted); *see also Douglas Oil Co. of California*, 441 U.S. 222 n.12.

Finally, because the right to *Brady* evidence arises from the Due Process Clause of the Fifth Amendment, it could override restrictions on discovery set forth in statutes or the Federal Rules of Criminal Procedure. *See United States v.*

**Memorandum Decision and Order – page 5**

*Armstrong*, 517 U.S. 456, 474-75 (1996) (Breyer J., concurring); *see also United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984).

**B.     Analysis**

    **1.     Motion to produce *Brady* evidence**

After *in camera* review of the EPA's investigative notes and documents provided to the Court, the Court concludes these items contain no *Brady* evidence that the government needed to disclose for use at trial, and anticipates they contain no *Brady* evidence for use at sentencing.  Therefore, for reasons explained in a separate, sealed memorandum decision and order, the Court will deny King's motion to produce *Brady* evidence.

    **2.     Motion for grand jury materials**

In support of the motion for grand jury materials, King speculates that EPA-CID Special Agent Bryan Byrd's grand jury testimony may contain exculpatory evidence that falls into four general categories: (1) evidence of injection of cattle waste and ensuing contamination of the aquifer, or lack thereof; (2) King's statements to ISDA officials John Klimes and John Chatburn during the investigation; (3) King's statements to Jose Guerrero in 2000 regarding the buried bypass valve at ISDA well no. 5; and (4) the initial contact between Klimes and EPA investigator Kelly O'Neill.  The Court has also examined the grand jury

**Memorandum Decision and Order – page 6**

testimony in light of information King believed may be contained in the EPA's investigative notes and documents.  As discussed in the Court's separate, sealed memorandum decision and order, the Court finds no *Brady* violation with regard to use of Byrd's testimony at trial, and, at this time, anticipates it will not be *Brady* evidence useful for sentencing.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Cory Ledeal King's motion to produce *Brady* evidence (Docket No. 156) is DENIED.

IT IS FURTHER ORDERED, that King's motion for grand jury materials (Docket No. 155) is DENIED.



DATED:  **August 7, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – page 7**